COPIES NOT PROVIDED

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> DAVID MORGENSTERN, FRED MORGENSTERN, BERNADETTE STEVENS, AND AMQUEST INTERNATIONAL, LTD., <br><br> Defendants. | CIVIL ACTION NO.: <br><br> 98-7044 <br><br> CIV - DIMITROULEAS <br> Magistrate Judge Seltzer |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

DEFENDANTS, **DAVID, MORGENSTERN, FRED MORGENSTERN, BERNADETTE STEVENS, AND AMQUEST INTERNATIONAL, LTD.**, by and through their undersigned counsel, hereby answer the Plaintiff's *Complaint for Injunctive and Other Relief* and states as follows:

1. As to paragraph 1. Of the *Complaint*, Defendants state that the Defendant's *Complaint for injunctive and Other Relief* speaks for itself.

2. As to paragraphs 2., 5., 6., 11., 12., and 13. through 44 and the ad damnum clauses I., II., III., IV., and V, Defendants deny same and demand strict proof thereof.

3. As to paragraph 3. of the Plaintiff's *Complaint*, Defendants would state that the material referenced speaks for itself.

4. As to paragraph 4, Defendants state that as to that portion of paragraph 4. which states D. Morgenstern "... served as president and managing director of Defendant Amquest since February 1996", Defendants admit same; however, as to the remaining allegations of paragraph 4., Defendants deny same and demand strict proof thereof.

5. As to paragraph 7., Defendants deny that portion of paragraph 7. which states that Defendant Kinsman Merchant and Associates, Inc. has "... since its inception in 1995, shared offices with Amquest in

COPIES NOT PROVIDED



Fort Lauderdale, Florida"; as to the remaining allegations in paragraph 7, Defendants would state that the document speaks for itself.

6. As to paragraph 8 of the **Complaint**. Defendants deny same as currently phrased.

7. As to paragraph 9., Defendants deny same.

8. As to paragraph 10. of the **Complaint**, Defendants state that the **Complaint** speaks for itself as to the Plaintiff's claims against the Defendants and admit that the **Complaint** purports to state causes of action under 15 U.S.C. Section 771(b) and 15 U.S.C. Sections 78u(d) and 78u(e).

**WHEREFORE**, Defendants pray this Honorable Court dismiss the Plaintiff's action and/or in the alternative, enter judgment in favor of Defendants and against the Plaintiff and grant any and all further relief this Court deems just and proper.

### AFFIRMATIVE DEFENSES

As their Affirmative Defenses, these Defendants would state as follows:

1. As their First Affirmative Defense, these Defendants would state that the Plaintiffs have failed to state a cause of action for fraud upon which relief may be granted.

2. As their Second Affirmative Defense, these Defendants would state that they made no material misstatements or omissions relating to the purchase of securities.

3. As their Third Affirmative Defense, these Defendants state that at no time material hereto did they have any knowledge of the falsity or misleading nature of any statement made.

4. As their Fourth Affirmative Defense, these Defendants would state that they had no intent to employ any device or scheme to defraud Plaintiff or to make any untrue statement or omission of material fact or to

engage in any act, practice or business which would operate as a fraud or deceit upon the Plaintiff.

5. As their Fifth Affirmative Defense, these Defendants would state that they did not employ any device or scheme or artifice to defraud the Plaintiff, did not make any untrue statement or omission of material fact and did not engage in any act, practice or course of business which operated as a fraud or deceit upon the Plaintiff.

6. As their Sixth Affirmative Defense, these Defendants would state that they made no such material misstatements or omissions or employed no such devices, schemes, or artifices to defraud.

7. As their Seventh Affirmative Defense, these Defendants would state that Defendants have no knowledge as to what Plaintiffs may not have recovered from any sale of the securities.

8. As their Eighth Affirmative Defense, these Defendants would state any payment default was not as a result of Defendants' actions, but rather may have occurred as a result of events out of the control of these Defendants.

9. As to their Ninth Affirmative Defense, these Defendants would state that they did not use or employ, in connection with the purchase or sale of a registered security or not, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as prescribed by the SEC.

10. As their Tenth Affirmative Defense, Defendants would state that they made no material misstatements or omissions relating to the purchase of securities.

11. As their Eleventh Affirmative Defense, Defendants state that at no time material hereto did they have any knowledge of the falsity or misleading nature of any statement made.

12. As their Twelfth Affirmative Defense, Defendants would state that they had no intent to employ any device or scheme to defraud Plaintiff or to make any untrue statement or omission of material fact or to engage in any practice or business which would operate as a fraud or deceit upon the investors.

**WHEREFORE**, Defendant's pray this Honorable Court dismiss the Plaintiff's action and/or in the alternative, enter judgment in favor of Defendant's and against the Plaintiff and grant any and all further relief this Court deems just and proper.

Respectfully submitted,

_____
LAURIE BOLCH, ESQUIRE
ATTORNEY FOR THE DEFENDANTS
Florida Bar No. 764477
LAURIE BOLCH, P.A.
555 South Federal Highway
Suite 400
Boca Raton, Florida 33432
Phone: 561-338-0477
Facsimile: 561-338-7792

Case 0:98-cv-07044-PAS   Document 14   Entered on FLSD Docket 02/08/1999   Page 5 of 5

Morgenstern adv. S.E.C.                               5                                February, 1999

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via U.S. Mail and Facsimile transmission to Glen A. Harris, Esquire at (305) 536-7465 and U.S. Mail at Securities and Exchange Commission, 1401 Brickel Avenue, Suite 200, Miami, Florida 33131 this _____ day of February, 1999.

_____
LAURIE BOLCH, ESQUIRE