UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO.: |
| v. ) | |
| ) | 98-7044 |
| DAVID MORGENSTERN, FRED MORGENSTERN, ) | |
| BERNADETTE STEVENS, AND ) | CIV - DIMITROULEAS |
| AMQUEST INTERNATIONAL, LTD., ) | Magistrate Judge Seltzer |
| ) | |
| Defendants. ) | JUL 9 - 1999 |
| ) | |

CARLOS JUENKE
CLERK, USDC/SDFL/FTL

## DEFENDANTS AMQUEST INTERNATIONAL, LTD., SLEEPSOURCE INTERNATIONAL, INC., DAVID MORGENSTERN AND FRED MORGENSTERN'S MOTION FOR PROTECTIVE ORDER AS TO DEPOSITIONS SCHEDULED FOR JULY 14TH, 1999, JULY 21ST, 1999 AND JULY 28TH, 1999

DEFENDANTS, **AMQUEST INTERNATIONAL, LTD., SLEEPSOURCE INTERNATIONAL, INC., DAVID, MORGENSTERN, AND FRED MORGENSTERN,** by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 26(c) and 30 and Local Rule for the Southern District of Florida 7.1, hereby moves for a **Protective Order** with respect to the depositions of Ronald Brion set for July 14th, 1999, the deposition of Donald Paradiso, Esquire on July 21st, 1999 and the deposition of Robert Manis on July 28th, 1999 which were scheduled by the Plaintiff, the SEC and the basis for this **Motion** is as follows:

1. The SEC has scheduled the depositions of Ronald Brion (July 14th, 1999), Donald Paradiso, Esquire (July 21st, 1999) and Robert Manis (July 28th, 1999).

1



Case 0:98-cv-07044-PAS Document 24 Entered on FLSD Docket 07/13/1999 Page 2 of 15
Morgenstern, et al. adv. SEC July, 1999
Defendants' Motion for Protective Order as to
Depositions Scheduled for July 14th, 21st and 28th, 1999

2. Undersigned counsel has made a good faith effort and has attempted to resolve this matter with counsel for the SEC, Glen Harris, Esquire, in a telephonic conference on July 6, 1999, to no avail.

3. During a telephonic conversation with Mr. Harris in June of 1999, it is the understanding of undersigned counsel that Mr. Harris agreed to re-schedule the depositions set for July, including the above-listed depositions, in order to permit Defense counsel to review the documentation from the SEC's investigation prior to taking Discovery depositions. See, copy of letter dated June 8, 1999 to Mr. Harris, attached hereto as Exhibit "A" and incorporated herein by reference. Undersigned counsel attempted to verify that understanding in writing per letter of June 21, 1999, as undersigned counsel was yet to receive concrete dates for review of the SEC's investigatory files. See, copy of letter attached hereto as Exhibit "B" and incorporated herein by reference.

4. The SEC had never provided concrete dates with respect to when undersigned counsel and other Defense counsel may review the investigatory files of the SEC, which, according to the SEC, comprise "ten (10) or twelve (12) banker boxes" of documents.

5. In a conversation in mid-April, Glen Harris, Esquire advised undersigned counsel that he would set up a review of documentation from the investigatory files of the SEC for the "end of the month" and that he would let me know what dates the investigatory files would, in

Case 0:98-cv-07044-PAS   Document 24   Entered on FLSD Docket 07/13/1999   Page 3 of 15

Morgenstern, et al. adv. SEC
Defendants' Motion for Protective Order as to
Depositions Scheduled for July 14th, 21st and 28th, 1999

July, 1999

fact, be available for review. Mr. Harris confirmed same in writing. See, copy of attached letter from Glen Harris, Esquire to undersigned counsel, attached hereto as Exhibit "C" and incorporated herein by reference.

6. No concrete dates were ever provided by Mr. Harris for April or May.

7. In June, 1999, during the conversation in which Mr. Harris and undersigned counsel discussed re-scheduling the depositions so that Defense counsel would have an opportunity to review the investigatory files of the SEC, Mr. Harris advised that he was going out of town for the rest of the week, and would contact me the following week, the week of June 14th, 1999, to provide concrete dates for review.

8. After her letter to Mr. Harris of June 21, 1999, to which Mr. Harris did not reply, undersigned counsel attempted to reach Mr. Harris during the week of June 28th regarding the re-scheduling the above three (3) depositions in light of the fact that he had never provided dates for review of the documentation in the investigatory files of the SEC. Mr. Harris returned the call on Friday, July 2nd, 1999 advising that he would not re-schedule the depositions. Through Tuesday, July 6th, 1999, undersigned counsel never heard received from Mr. Harris any offer of dates for the review of the investigatory files.

9. In the telephonic conversation with Mr. Harris on July 6th, 1999, after the Holiday weekend, Mr. Harris first gave a date for the review of the documentation, i.e., Thursday, July 8th, 1999, only three(3) business

Case 0:98-cv-07044-PAS   Document 24   Entered on FLSD Docket 07/13/1999   Page 4 of 15

Morgenstern, et al. adv. SEC                                              July, 1999
Defendants' Motion for Protective Order as to
Depositions Scheduled for July 14th, 21st and 28th, 1999

days prior to the first (1st) of the above depositions.[1] See, copy of letter from Mr. Harris dated July 7, 1999, attached hereto as Exhibit "D" and incorporated herein by reference.

10. Clearly, to proceed with depositions of witnesses critical to the SEC's case without the benefit of reviewing the ten (10) to twelve (12) banker boxes full of investigatory files that the SEC has compiled in the two (2) year investigation prior to the filing of this action will severely prejudice and irreparably harm the Defendants.

11. The purpose of discovery is to permit the Plaintiff to reasonably prepare its case and the Defense to reasonably discern the strengths and weaknesses of the Plaintiff's case, to reasonably discern defenses to the Plaintiff's case and to evaluate the strengths and weaknesses of the Plaintiff's case and the defenses in order to evaluate settlement possibilities and litigation strategies.

12. The SEC would now have it such that the defense in a de facto position of having no real opportunity to review documents to which the Defendants are entitled as a matter of law.

13. Additionally, Mr. Harris was apprised that undersigned counsel is required to go out of town during the time period of the depositions set for July 14th and 21st. While it is true that the trip was scheduled after

---

[1] Mr. Harris stated that he had accommodated undersigned counsel as much as he would, that he was "f-----g litigating this case" against the clients of undersigned counsel and that hopefully the Defendants would "get burned and [he] can't wait for that day" and thus, he was "proceeding [with the depositions] - screw them".

Case 0:98-cv-07044-PAS   Document 24   Entered on FLSD Docket 07/13/1999   Page 5 of 15

Morgenstern, et al. adv. SEC
Defendants' Motion for Protective Order as to
Depositions Scheduled for July 14th, 21st and 28th, 1999

July, 1999

the SEC's scheduling of the depositions, in fact only two (2) weeks ago, part of the reason of the scheduling of the trip was due to medical necessity as to a member of undersigned counsel's immediate family. Thus, the trip involves attending to the medical decisions for undersigned counsel's family member.

14. Accordingly, Defendants AMQUEST INTERNATIONAL, LTD., SLEEPSOURCE INTERNATIONAL, INC., DAVID, MORGENSTERN, AND FRED MORGENSTERN respectfully submit that, to the extent the SEC has re-scheduled other witnesses critical to their case for depositions to be had in September and October of this year, the re-scheduling of the above three (3) stated depositions will not prejudice the SEC, but rather proceeding with the depositions will severely prejudice and irreparably harm the Defendants.

**WHEREFORE**, Defendants AMQUEST INTERNATIONAL, LTD., SLEEPSOURCE INTERNATIONAL, INC., DAVID, MORGENSTERN AND FRED MORGENSTERN pray this Honorable Court enter an **Order of Protection** with respect to the depositions of Ronald Brion, Donald Paradiso, Esquire and Robert Manis and grant any and all further relief this Court deems just and proper.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 26( c) provides, in pertinent part:

> Upon motion by a party or by the person from whom
> discovery is sought, accompanied by a certification
> that the movant has in good faith conferred or attempted
> to confer with other affected parties in an effort to
> resolve the pending dispute without court action, and
> for good cause shown, the court . . . may make any
> order which justice requires to protect a party or person
> from annoyance, embarrassment, oppression or
> undue burden. . . including one or more of the following:

Case 0:98-cv-07044-PAS   Document 24   Entered on FLSD Docket 07/13/1999   Page 6 of 15
Morgenstern, et al. adv. SEC                                                July, 1999
Defendants' Motion for Protective Order as to
Depositions Scheduled for July 14th, 21st and 28th, 1999

(1) that the disclosure or discovery not be had;
(2) that the disclosure or discovery be had only on specified terms and conditions, including a designation of the time or place. . .

Federal Rule of Civil Procedure 26( c), 28 U.S.C. (emphasis added).

As this Court is aware, the filing of a motion for protective order is the proper procedure for resolution of a discovery dispute, such as the re-scheduling of the above set forth depositions in the case at bar, where the parties have been unable to resolve the dispute without the necessity of court action. See, <u>Continental Federal Savings & Loan Ass'n v. Delta Corp. of America</u>, 71 F.R.D. 697 (D.C. Okla. 1976). It is only necessitated out of the lack of non-judicial resolution. The Defendants are, therefore, compelled to file the instant Motion for Protective Order.

Amquest, Sleepsource and Messrs. Morgenstern seek the protection of this Court with respect to the depositions of Ronald Brion (July 14), Donald Paradiso (July 21) and Robert Manis (July 28) as a result of the SEC's refusal to cooperatively re-schedule these three (3) depositions and provide a sufficient review period of its investigatory files to the Defendants. The SEC's position and lack of cooperation is untenable in light of the fact that the SEC has re-scheduled every other deposition originally scheduled during the month of July. While undersigned counsel has made a good faith effort to work with counsel for the SEC, Glen Harris, Esquire, to resolve this matter, it does not appear that the SEC has any good faith reason to refuse to re-schedule these

Case 0:98-cv-07044-PAS   Document 24   Entered on FLSD Docket 07/13/1999   Page 7 of 15

Morgenstern, et al. adv. SEC
Defendants' Motion for Protective Order as to
Depositions Scheduled for July 14th, 21st and 28th, 1999

July, 1999

depositions to the months of September and October, 1999, as it has with five (5) other depositions.

Notwithstanding the lack of cooperation on the part of the SEC, the Defendants can demonstrate good cause[2] by establishing the particular need for the protection in this case with specific examples and articulated reasoning of the severe and irreparable harm and prejudice the Defendants will suffer should the depositions proceed as currently scheduled. See, Frank v. County of Hudson, 924 F.Supp. 620 (D.N.J. 1996); Welsh v. City and County of San Francisco, 887 F.Supp. 1293 (N.D. Cal. 1995); U.S. v. Swissco Properties within Southern District of Florida, 821 F.Supp. 1472 (S.D.Fla. 1993). Should the depositions proceed as scheduled in July, 1999, the Defendants will be deprived of having ample opportunity to review the 10 to 12 boxes of documents the SEC has amassed as evidence against the Defendants; the Defendants will not have an adequate opportunity to obtain copies of the documents for use in the depositions; the Defendants will be without the opportunity to determine which documents correlate to the respective witnesses; the Defendants and its counsel will not have the opportunity to review the documents and digest the documents in order to focus and prepare defense examination of the witnesses; the Defendants will have no meaningful opportunity to depose the witnesses and to impeach the witnesses' testimony;

---

[2] "[T]he sole criteria for determining the validity of a protective order is the statutory requirement of 'good cause'." In re Alexander Grant & Co. Litigation, 820 F.2d 352, 357 (11th Cir. 1987), citing Seattle Times Co. v. Rhinehart, 467 U.S. 20 at 37 (1984); Cippollone v. Liggett Group, Inc., 785 F.2d 1108 at 1119 (3d Cir. 1986); Tavoulareas v. Washington Post Co., 737 F.2d 1170 at 1172 (D.C. Cir. 1984).

7

Case 0:98-cv-07044-PAS   Document 24   Entered on FLSD Docket 07/13/1999   Page 8 of 15

Morgenstern, et al. adv. SEC                                          July, 1999
Defendants' Motion for Protective Order as to
Depositions Scheduled for July 14th, 21st and 28th, 1999

the Defendants will be wholly unable to use the depositions to their benefit and to their defense, as one is able to do when fully prepared; and further, the Defendants will have no ability to determine areas of potential criminal liability exposure in order to adequately defend the Defendants in the depositions. In effect, as a result of the sandbag tactic the SEC has now engaged with respect to the Defendant's review of the investigatory files commencing three (3) business days prior to July 14, 1999 deposition of Mr. Brion, the Defendants will be deprived of having the ability to effectively cross examine the witnesses. The implications of ineffective discovery in this action by the Defendants will completely preclude the Defendants from being able to establish their defenses, which could ultimately preclude the Defendants from having a fair trial. Thus, the Defendants are effectively being deprived of their rights to due process.

At least two (2) of the witnesses, Mr. Paradiso and Mr. Manis are extremely critical witnesses for the SEC in that Mr. Paradiso is a former attorney for Amquest and Mr. Manis, a former accountant. Presumably, the SEC has received during the course of its lengthy investigation prior to the institution of this action non-privileged-documents from Messrs. Paradiso and Manis; the SEC will examine these witnesses extensively on such documents and other documents amassed by it. While some of their testimony may be privileged, there will be numerous areas to which they will be able to testify. The Defendants are entitled to the opportunity to fully flesh out the witnesses'

Case 0:98-cv-07044-PAS   Document 24   Entered on FLSD Docket 07/13/1999   Page 9 of 15

Morgenstern, et al. adv. SEC                                                July, 1999
Defendants' Motion for Protective Order as to
Depositions Scheduled for July 14th, 21st and 28th, 1999

credibility, recollection, knowledge and all documentation which the SEC will use in these depositions.

Due to the last minute invitation offered to review documents, undersigned counsel could not cancel court appears (evidentiary hearings) and depositions to be present for review on July 8 and 9, 1999, and would request that dates be mutually arranged for the investigatory document review. Absence a Protective Order, the SEC will proceed to take the depositions of the above three (3) witnesses to the irreparable damage to the Defendants and their defense.

As shown herein, good cause has been demonstrated that the Defendants will be severly prejudiced and will suffer harm beyond repair if the depositions proceed. Federal Rule of Civil Procedure 26( c). Accordingly, Defendants pray this Honorable Court and enter a Protective Order preventing the depositions, as currently scheduled, from proceeding; requiring the rescheduling of the depositions as with other depositions reset to September and October, 1999; requiring the SEC to provide alternate dates for the mutual scheduling of the Defense review of the investigatory files, with reasonable notice; and awarding the Defendants the attorney's fees and costs associated with the necessity of filing this Motion, pursuant to Federal Rule of Civil Procedure 37(a)(4).

                                                    Respectfully submitted,

Case 0:98-cv-07044-PAS Document 24 Entered on FLSD Docket 07/13/1999 Page 10 of 15

Morgenstern, et al. adv. SEC
Defendants' Motion for Protective Order as to
Depositions Scheduled for July 14th, 21st and 28th, 1999

July, 1999

*[signature]*

---

**LAURIE BOLCH, ESQUIRE**
**Attorney for Defendants**
**Florida Bar No. 764477**
**LAURIE BOLCH, P.A.**
**555 South Federal Highway, Suite 400**
**Boca Raton, Florida 33432**
**561-338-0477 - Phone**
**561-338-0477 - Facsimile**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via facsimile transmission to Glen A. Harris, Esquire at (305) 536-7465 and U.S. Mail at Securities and Exchange Commission, 1401 Brickel Avenue, Suite 200, Miami, Florida 33131 and via facsimile transmission to Steven M. Katzman, Esquire at (561) 835-1242 and U.S. Mail at Tew Cardenas Rebak Kellogg Lehman DeMaria & Tague, L.L.P., Comeau Building, Suite 1000, 309 Clematis Street, West Palm Beach, Florida 33401 this _____ day of July, 1999

*[signature]*

---

**LAURIE BOLCH, ESQUIRE**

**LAURIE BOLCH, P.A.**
**A PROFESSIONAL ASSOCIATION**
555 South Federal Highway, Suite 400
Boca Raton, Florida 33432
561-338-0477-Phone
561-338-7792-Facsimile

June 8, 1999

Glen A. Harris, Esquire                     VIA Facsimile: 1-305-536-7465
Senior Trial Counsel
Securities and Exchange Commission
1401 Brickel Avenue, Suite 200
Miami, Florida  33131

RE:   <u>SEC vs. Morgenstern, et al</u>.

Dear Glen:

Please contact me to arrange dates for me to come to your offices to review documents pursuant to local Rule 16.1(B) (1).  We will designate at that time those documents we want copied.

It is our expectation that the documents made available for our review will include all documents relating to Amquest International, Sleepsource, International, Kinsman, Merchant & Associates, and the individual defendants, including any and all files generated by (name of law firm) regarding these entities and persons.  It is our further expectation that witness statements, customer questionnaires, customer interviews, and other interviews will be included in the production.

Pursuant to the Rule, if the documents you show us are not numbered, we will also want to receive a list of the documents.  If any documents are withheld on grounds of privilege or on claim of work product, we will want a list of them, to include sufficient information for us to determine whether the assertion of privilege or work product is proper.

I also wish to advise that Mr. David Morgenstern expects to retain new counsel in this matter.  This should be accomplished fairly soon.

We do not believe that the present schedule for depositions you have noticed is realistic and seek your agreement that the depositions be postponed.  First, there are thousands of pages of documents for us to review before we can be prepared to defend the depositions of parties and to cross-examine third party witnesses.  We will not be seeing those documents until (date above), and it will undoubtedly take several days for copies to be made and delivered to us.  We cannot possibly digest all this material in time to be ready for depositions on the present schedule.

Second, as noted above, Mr. David Morgenstern will be retaining new counsel, and they will need time to get up to speed, as will Ms. Stevens' new attorney.

1

Case 0:98-cv-07044-PAS   Document 24   Entered on FLSD Docket 07/13/1999   Page 12 of 15

Glen Harris, Esquire
David Morgenstern, et al., adv. SEC
June 8, 1999

Third, the attorneys who formerly represented Amquest have refused to turn over to us the company's files. They have also refused to let us see the files. Consequently, we are not now in a position even to see many of our own clients' documents. We are in the process of issuing a subpoena to the law firm for those documents. but obtaining them will take some time. It is apparent that we need these documents in order to prepare for depositions.

Discovery will not close for many months, so delaying the depositions should not result in any scheduling problems. I will be in touch with you soon to discuss a more realistic deposition schedule.

Sincerely,

LAURIE BOLCH, ESQUIRE

LB/dh

EXHIBIT "A"

c: documents\MorgensternSEC\Harrisltr.060899

**LAURIE BOLCH, P.A.**
A PROFESSIONAL ASSOCIATION
555 South Federal Highway, Suite 400
Boca Raton, Florida 33432
561-338-0477-Phone
561-338-7792-Facsimile

June 21, 1999

Glen A. Harris, Esquire          VIA Facsimile: 1-305-536-7465
Senior Trial Counsel
Securities and Exchange Commission
1401 Brickel Avenue, Suite 200
Miami, Florida 33131

RE: <u>Morgenstern/Amquest, et al. adv. SEC</u>

Dear Glen:

Thank you for your courtesies with respect to re-setting the depositions of Messrs. Morgensterns (David and Fred). Please advise me as to the status of the depositions of several witnesses you have set for July. Are you re-scheduling those for the months of September and October of this year as well so that we may have the ability to review documentation prior those depositions?

Please advise as soon as possible. Thank you again for your courtesies.

Very truly yours,

*[signature]*

LAURIE BOLCH, ESQUIRE

LB/dh

cc: Clients

EXHIBIT "B"

# UNITED STATES
## SECURITIES AND EXCHANGE COMMISSION
### SOUTHEAST REGIONAL OFFICE
SUITE 200
1401 BRICKELL AVENUE
MIAMI, FLORIDA 33131
(305) 536-4700

April 27, 1999

Direct Dial: 305 982-6341

**VIA FAX (561-338-77920)**

Laurie Bolch, Esq.
555 South Federal Highway
Suite 400
Boca Raton, Florida 33432

Re: <u>SEC v. Morgenstern, Case No. 98-7044-Civ-Dimitouleas, S.D. Fla</u>

Dear Ms. Bolch:

In response to your request to review the "investigative file" in this matter and pursuant to our phone discussion several weeks ago, the SEC is making its documents available for inspection at our offices. The documents include records subpoenaed from third parties and the transcripts of testimony obtained during the investigation, but do not include work product, attorney-client and other privileged documents.

Also enclosed are Notices of Taking Depositions for your clients and others. You and I discussed the specific dates for the Morgensterns and Ms. Stevens, but you did not call be back regarding there availability, therefore I assume the dates are good. The Court has set a very tight discovery period, therefore we are moving forward with discovery.

I would like to review any new or additional documents that you may utilize at trial. I will forward a detailed request for documents so that they will be available prior to the June depositions.

Sincerely,

Glenn A. Harris
Senior Trial Counsel

Enclosures

EXHIBIT "C"



**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
SOUTHEAST REGIONAL OFFICE**
SUITE 200
1401 BRICKELL AVENUE
MIAMI, FLORIDA 33131
(305) 536-4700

July 7, 1999

Direct Dial: 305 982-6341

**VIA FAX (561-338-7792)**

Laurie Bolch, Esq.
555 South Federal Highway
Suite 400
Boca Raton, Florida 33432

Re: *SEC v. Morgenstern, Case No. 98-7044-Civ-Dimitouleas, S.D. Fla*

Dear Ms. Bolch:

I will not agree to further postpone the depositions currently scheduled for this month. The notices of depositions were issued in April 1999. The SEC has already rescheduled the depositions of Fred and David Morgenstern at your request.

In April 1999, I informed you by phone and by letter that the SEC was making its documents available for inspection during the end of April. You never bothered to review the documents at that time. Therefore, I will not further postpone depositions because you have not reviewed those documents. However, the SEC will once again make documents available for inspection this Thursday, July 8, 1999, through July 13, 1999. Please call me to inform me of when you intend to visit during this period.

Sincerely,

Glenn A. Harris
Senior Trial Counsel

Enclosures

EXHIBIT "D"