IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT
OF FLORIDA

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,        CASE NO. 98-7044-CIV-Seitz

v.

DAVID MORGENSTERN, FRED MORGENSTERN,
BERNADETTE STEVENS and AMQUEST INTERNATIONAL,
LTD.,

        Defendant.
_____/

## DEFENDANTS DAVID MORGENSTERN AND FRED MORGENSTERN'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER PRECLUDING DEFENDANTS MORGENSTERN FROM PRESENTING EVIDENCE AS TO THE SUBSTANTIVE AREAS TO WHICH THEY HAVE ASSERTED THEIR FIFTH AMENDMENT RIGHTS AGAINST SELF-INCRIMINATION

**DEFENDANTS, DAVID MORGENSTERN AND FRED MORGENSTERN (hereinafter collectively referred to as "Morgenstern"),** by and through their undersigned counsel, and pursuant to the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida, hereby respond to and file their Memorandum of Law in Opposition to Plaintiff's Motion for An Order Precluding Defendants Morgenstern from Presenting Evidence As To The Substantive Areas to Which They Have Asserted Their Fifth Amendment Rights

1



Against Self-Incrimination and Plaintiff's Memorandum of Law in Support Thereof.

As shown herein, Plaintiff's Motion should be denied, or, alternatively, this Court should defer ruling to such time as discovery is closed as Plaintiff's Motion is premature at this time.

## MEMORANDUM OF LAW

### I. INTRODUCTION

The Plaintiff has filed its Motion for an Order Precluding Defendants David and Fred Morgenstern from Presenting Evidence as to the Substantive Areas to Which They Have Asserted Their Fifth Amendment Rights Against Self-Incrimination and Memorandum of Law in Support Thereof. In it Motion and Memorandum, the Plaintiff seeks to have this Court enter a Preclusion Order, preventing Morgenstern from "...presenting evidence as to the substantive areas in which they have asserted their Fifth Amendment rights against self-incrimination." See, Plaintiff's Memorandum at page 1. The Plaintiff is asking this Court to preclude Defendants Morgenstern from, in essence, putting on any defense whatsoever, and is requesting that this Court enter a total Preclusion Order.

As the basis for the Plaintiff's request to the Court, the Plaintiff explains that Defendants Morgenstern "have made blanket and repeated assertions of the Fifth Amendment privilege in response to written discovery of the Plaintiff and

with regard to specific questions asked of them at their depositions of October 7, 1999 (Fred Morgenstern) and October 8, 1999 (David Morgenstern)." See, Plaintiff's Motion at page 1.

The Plaintiff failed to mention, however, that it had received documents responsive to the Plaintiff's Request for Production from co-Defendant Amquest, which the Plaintiff alleges in its Complaint was controlled by Defendant David Morgenstern. See, Plaintiff's Complaint. This omitted fact is relevant as it is not as if the Plaintiff has been refused discovery from all of the Defendants. The Plaintiff has received substantial document production which Morgenstern is certain the Plaintiff will utilize to attempt to prove its case. The Plaintiff's representation to this Court may have provided the perception that the Plaintiff has not obtained any discovery whatsoever from any of the Defendants, and thus, that the Plaintiff has been severely prejudiced. See, Plaintiff's Request for Production to Defendant Amquest. Between the document production by Amquest and discovery taken by the Plaintiff from numerous witnesses and from pending discovery the Plaintiff has scheduled, the Plaintiff may not maintain that the discovery sought from Defendants Morgenstern is ". . . not readily available elsewhere." See, <u>SEC v. Cymaticolor Corp.</u>, 106 F.R.D. 545 (S.D.N.Y. 1985)

The Plaintiff is requesting that the Court enter such a total Preclusion Order at this time; however, discovery is still on-going. The discovery cut-off date is April 30, 2000. Certainly, Defendant Morgenstern should still have the opportunity to waive their previously asserted Fifth Amendment rights and be able to respond to discovery within the discovery period remaining. Accordingly,

Defendants Morgenstern respectfully submit that Plaintiff's Motion is premature at this point, and respectfully request that, to the extent the Court does not deny (without prejudice) Plaintiff's Motion at this time, that this Court defer ruling on Plaintiff's Motion until after the discovery deadline of April 30, 2000.

## II. DEFENDANTS MORGENSTERN SHOULD NOT BE PRECLUDED FROM PRESENTING ANY EVIDENCE AS TO SUBSTANTIVE AREAS IN WHICH THEY HAVE ASSERTED THE FIFTH AMENDMENT

The Plaintiff would like to have Morgenstern prohibited from introducing any evidence as to the substantive issues in this case, whether as the summary judgment stage of this cause or at any trial in this cause.

In support of its argument, the Plaintiff cites only one case which binding authority on this Court, the case of Anglada v. Sprague, 822 F.2d 1035 (11th Cir.1987). Unfortunately, the proposition for which the Plaintiff cites Anglada was not addressed by the 11th Circuit Court of Appeal, either in any holding or in dictum. Anglada involved Defendants who not only asserted their Fifth Amendment rights in discovery, but who also failed to attend the trial in the action. On appeal, one of the grounds raised by the Defendants was that a new trial should be granted as they were "...unable to testify in defense of this civil action because of pending state criminal charges against them..." Id. at 1036. The Court rejected the Defendants' contention that it was fundamentally unfair to compel them to choose between asserting their Fifth Amendment rights and defending the civil action, determining that the Defendants had other remedies available to them. The Court held that the Defendants' actions amounted to pure trial strategy and thus, did not warrant the granting of a new trial. Id. at 1037.

The Eleventh Circuit did not address the fairness or unfairness of the party asserting the Fifth Amendment on putting on evidence at trial. Accordingly, the Defendants respectfully submit that Anglada cannot be relied upon for the proposition cited by the Plaintiff.

Although Anglada is not on point, courts have addressed the issue before the Court squarely. It is clear from the caselaw that the Courts disfavor total preclusion of evidence by the defense. See, SEC v. Graystone Nash, Inc., 25 F.3d 187 (3d Cir. 1994); SEC v. Zimmerman, 854 F. Supp. 896 (N.D. Ga. 1993) [remanded on other grounds]. In both Graystone Nash and Zimmerman, the Courts were vehement that a total Preclusion Order is not justified. "...[A] complete bar to presenting evidence, from any source, that would in all practical effect amount to the entry of an adverse judgment, would be an inappropriate sanction." Graystone Nash, supra at 191. The Third Circuit reached such a conclusion by comparing such a sanction to the sanction of dismissal of actions in cases where Plaintiffs invoke their Fifth Amendment privilege. Ibid., citing Wehling v. Columbia Broadcasting System, 608 F.2d 1084 (5th Cir. 1979); National Acceptance Corp. of America v. Bathalter, 705 F.2d 924, 931-32 (7th Cir. 1983; Campbell v. Gerrans, 592 F.2d 1054, 1058 (9th Cir. 1979); Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, Section 2018 (1970 & Supp. 1994).

The Wehling Court, which analyzed the issue from the standpoint of a civil plaintiff's assertion of the privilege against self-incrimination, suggests a

"balancing of interests" test. Wehling, supra; see also, Wright and Miller, *Federal Practice and Procedure*, Section 2018.

> The plaintiff who retreats under the cloak of the Fifth Amendment cannot hope to gain an unequal advantage against the party he has chosen to sue. To hold otherwise would, in terms of the customary metaphor, enable the plaintiff to use his Fifth Amendment shield as a sword. . .Therefore, we emphasize that a civil plaintiff has no absolute right to both his silence and his lawsuit. Neither, however, does the civil defendant have an absolute right to have the action dismissed anytime a plaintiff invokes his constitutional privilege. When a plaintiff's silence is constitutionally guaranteed, dismissal is appropriate only where other, less burdensome, remedies would be an ineffective means of preventing unfairness to defendant.

Wehling, supra at 1087-1088.[1]

Similarly, the total precluding of a defendant in circumstances such as this case presents would be an overly burdensome, severe and prejudicial consequence which would amount to a sanction against the defendant invoking his constitutional privilege under the Fifth Amendment of this Country's Constitution. It is questionable whether such a sanction could, in fact, be imposed as the Fifth Circuit in Wehling makes it clear that ". . . no provision in the federal discovery rules which authorizes a court to impose sanctions on a party who resists discovery by asserting a valid claim of privilege. . ." Ibid. "In short, the district court had no authority to order Wehling to disclose privileged information, and, consequently, should not have imposed sanctions when

---

[1] Wehling is binding authority in the 11th Circuit under Bonner v. City of Prichard, Alabama, 661 F.2d 1206 (5th Cir. 1981).

Wehling declined to answer." Ibid.[2] Accordingly, a total Preclusion Order should not be entered, and the Plaintiff's Motion, as stated, must be denied.

To the extent that the Court is inclined to grant the Plaintiff's Motion, Defendants Morgenstern would respectfully submit that a total Preclusion Order is inappropriate, and that the Court should enter a Limited Preclusion Order. Such an Order may be entered such that the evidence the Plaintiff has amassed from outside sources may be utilized by the defense for the purposes of opposing summary judgment, should the Plaintiff file such a Motion, and/or for the purposes of putting on their case at a trial in this cause. In Zimmerman, a case in which counsel for the Plaintiff here was counsel for the government, the Northern District Court of Georgia ruled that Defendant Zimmerman, who waited until after the close of discovery to determine that he would waive the Fifth Amendment privilege he had invoked, was ". . .free, of course, to use any other outside discovered evidence." Zimmerman, supra at 899. This Court may, in its inherent authority, fashion a limited Preclusion Order, should it be inclined to grant Plaintiff's Motion, such that the Defendants Morgenstern are not precluded from utilizing for trial and any and all other purposes evidence that was obtained from outside sources.

---

[2] The Plaintiff has not moved, under Federal Rule of Civil Procedure 37, to compel Defendants Morgenstern to respond to discovery and/or for sanctions for the failure to respond based on their assertion of their constitutional privilege.

### III. PLAINTIFF'S MOTION IS PREMATURE AS DISCOVERY IS STILL ON-GOING

Discovery is still on-going. The discovery deadline is not until April 30, 2000. The Defendants Morgenstern should still be allowed the opportunity to, should they so choose, waive the Fifth Amendment they have invoked and testify and otherwise respond to Plaintiff's written discovery. The Plaintiff has not advised this Court that there is no pending criminal investigation or action; thus, the threat of criminal prosecution is very real to Morgenstern. To enter a total Preclusion Order at this time would result in a judgment adverse to the Defendants. Such would constitute a violation of the very protection afforded and constitutionally guaranteed by the Fifth Amendment of the United States Constitution:

> The Fifth Amendment is violated when a defendant, who is a defendant in both a criminal and civil case, is forced to choose between a waiver of testimonial privilege and automatic entry of an adverse judgment in a civil case.

Ibid.[3]

The Plaintiff has not filed a motion for summary judgment, nor has the discovery deadline expired.

> Zimmerman has waited until the SEC has already filed a motion for summary judgment to make his decision as to whether to stay silent or not. Discovery has been completed. By waiting, the defendant has made his decision. Zimmerman may not use, therefore, any evidence which has not withheld by his invocation of his testimonial privilege in this matter. He is free, of course, to use any other outside discovered evidence.

Ibid.

---

[3] This exception did not apply in Zimmerman, the Northern District noted, as Zimmerman was "... not a defendant in any criminal proceeding." Zimmerman at 899.

Accordingly, the Defendants Morgenstern respectfully submit that the Plaintiff's Motion is premature, and respectfully requests that this Honorable Court deny the SEC's Motion (without prejudice) at this time, and/or, alternatively, defer ruling until such time as is discovery is closed.

Respectfully submitted,

LAURIE BOLCH, ESQUIRE
Attorney for Morgensterns
Florida Bar Number 764477
LAURIE BOLCH, P.A.
2260 North Dixie Highway
Boca Raton, Florida 33431
561-338-0477 – Phone
561-338-7792 - Facsimile

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via facsimile transmission and U.S. Mail to: Edward G. Sullivan, Esquire (404-842-7666), SEC, 3475 Lenox Road, N.E., Suite 1000, Atlanta, Georgia 30326 and Steven M. Katzman, Esquire (561-835-1242) [US Mail only], Tew Cardenas Rebak Kellog Lehman DeMaria & Tague, L.L.P., Comeau Building, Suite 1000, 309 Clematis Street, West Palm Beach, Florida 33401 this 15th day of February, 2000.

LAURIE BOLCH, ESQUIRE