ORIGINAL

UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

FILED by _____ D.C.
JAN 16 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO: |
| ) | 98-7044-CIV-SEITZ |
| v. ) | |
| ) | |
| DAVID MORGENSTERN, ) | |
| FRED MORGENSTERN, ) | |
| BERNADETTE STEVENS, AND ) | |
| AMQUEST INTERNATIONAL, LTD., ) | |
| ) | |
| Defendants. ) | |

## FINAL JUDGMENT OF PERMANENT
## INJUNCTION AND OTHER RELIEF AS TO BERNADETTE STEVENS

Defendant Bernadette Stevens ("Stevens") by the Consent annexed hereto, without admitting or denying any of the allegations in the Commission's Complaint, except that she is admitting the allegation as to the jurisdiction over her of this Court and over the subject matter of this action, has agreed to the entry of this Final Judgment Of Permanent Injunction And Other Relief ("Final Judgment"). This Court having accepted such Consent and having jurisdiction over Defendant Stevens and the subject matter hereof, and the Court being fully advised in the premises,

126

## I.

## FRAUD IN VIOLATION OF SECTION 17(a)(1) OF THE SECURITIES ACT

**IT IS HEREBY ORDERED** that Stevens, her officers, agents, servants, employees, attorneys, and those persons in active concert or participation with her and each of them, in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, be and they hereby are, restrained and enjoined from, directly or indirectly employing any devices, schemes or artifices to defraud purchasers of such securities in violation of Section 17(a)(1) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a)(1).

## II.

## FRAUD IN VIOLATION OF SECTIONS 17(a)(2) AND 17(a)(3) OF THE SECURITIES ACT

**IT IS HEREBY FURTHER ORDERED** that Stevens, her officers, agents, servants, employees, attorneys, and those persons in active concert or participation with her and each of them, in connection with the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, be and they hereby are, restrained and enjoined from, directly or indirectly

(1) obtaining money or property by means of untrue statements of material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (2)    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchasers

in violation of Sections 17(a)(2) and 17(a)(3) of the Securities Act, 15 U.S.C. §§ 77q(a)(2) and 77q(a)(3).

## III.

### FRAUD IN VIOLATION OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5 THEREUNDER

**IT IS HEREBY FURTHER ORDERED** that Stevens, her officers, agents, servants, employees, attorneys, and those persons in active concert or participation with her and each of them, in connection with the purchase or sale of any security by use of any means or instrumentality of interstate commerce or of the mails, or by use of any facility of any national securities exchange, be and they hereby are, restrained and enjoined from, directly or indirectly, or as a control person under Section 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"):

1. employing any device, scheme, or artifice to defraud;

2. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

3. engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, thereunder.

IV.

## INCORPORATION OF CONSENT

**IT IS HEREBY FURTHER ORDERED** that Defendant Stevens shall comply with the provisions of the Consent attached hereto, and that such Consent is incorporated herein by reference as if fully set forth herein.

V.

## DISGORGEMENT AND PENALTIES

**IT IS HEREBY FURTHER ORDERED** that Defendant Stevens disgorge the amount of $143,684.67, representing her gains from the conduct alleged in the Complaint, plus pre-judgment interest. However, based upon Steven's sworn representations in her Statement of Financial Condition dated September 25, 2000, and submitted to the Commission, payment of disgorgement and pre-judgment interest thereon in excess of the sum of $10,000 is waived, contingent upon the accuracy and completeness of her Statement of Financial Condition. Stevens is ordered to pay $2,500 to the estate of the Special Master appointed by this Court within 30 days of the entry of this order. Thereafter, defendant Stevens is ordered to pay $2,500 to the estate of the Special Master at each 90 day interval until the balance of her debt has been retired. Based upon Defendant Stevens' sworn representations in her Statement of Financial Condition dated September 25, 2000, and submitted to the Commission, the Court is not ordering her to pay a civil penalty pursuant to Section 20 (d) of the Securities Act, 15 U.S.C. §77t (d) and Section 21 (d) (3) of the Exchange Act, 15 U.S.C. §78 (d) (3). The determination not to impose a civil penalty and to waive payment of disgorgement

beyond the amount of $10,000 and pre-judgment interest thereon is contingent upon the accuracy and completeness of her Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Stevens's representations to the Commission concerning her assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition this Court for an order requiring Defendant to pay the balance of $143,684.67 in disgorgement, pre-judgment and post-judgment interest thereon, and a civil penalty. In connection with any such petition, the only issues shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made, and the amount of civil penalty to be imposed. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment, and the Commission may also request additional discovery. Stevens may not, by way of defense to such petition, challenge the validity of her Consent or the Final Judgment, contest the allegations in the Complaint filed by the Commission, contest the amount of disgorgement and interest, or assert that disgorgement or the payment of a civil penalty should not be ordered.

## VI.

## RETENTION OF JURISDICTION

**IT IS HEREBY FURTHER ORDERED** that this Court will retain jurisdiction over this matter and Defendant Stevens in order to implement and carry out the terms of all Orders and Decrees that may be entered.

**DONE AND ORDERED** at 8:30 o'clock, a. m. this 16th day of January, 2001, at Miami, Florida.

_____
UNITED STATES DISTRICT JUDGE
Patricia A. Seitz

cc: Edward G. Sullivan, Esq.
Securities and Exchange Commission
3475 Lenox Road, N.E. Suite 1000
Atlanta, Georgia 30326
COUNSEL FOR SECURITIES AND EXCHANGE COMMISSION

Steven M. Katzman
Tew, Cardenas, Rebak, Kellogg, Lehman, DeMaria & Tague, LLP
Comeau Building, Suite 1000, 319 Clematis Street
West Palm Beach, Florida 33401
COUNSEL FOR DEFENDANT STEVENS

Laurie Bolch, Esq.
2260 N. Dixie Highway
Boca Raton, Florida 33431
COUNSEL FOR THE DEFENDANTS AMQUEST AND MORGENSTERNS

Jack Stein, Esq.
Stein, Rosenberg & Winikoff, P.A.
4875 N. Federal Highway, 7th Floor
Fort Lauderdale, Florida 33308
COURT APPOINTED SPECIAL MASTER